UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOEL MARVIN MUNT, | Case No. 18-CV-0017 (JRT/FLN) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| EDDIE MILES, | |
| Respondent. | |

Petitioner Joel Marvin Munt is serving a life sentence without possibility of parole in a Minnesota prison. *See State v. Munt*, 831 N.W.2d 569 (Minn. 2013). Munt previously challenged his murder conviction in federal court through a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. The petition was denied, and the denial of the petition was affirmed on appellate review. *See Munt v. Grandlienard*, 829 F.3d 610 (8th Cir. 2016).

While serving his life sentence for murder, Munt accosted an employee in the prison's law library and was placed in segregated detention for thirty days. *See Munt v. Smith*, No. A16-0462, 2016 WL 7042010, at *1 (Minn. Ct. App. Dec. 5, 2016). After finishing that stint in lockup, Munt filed a petition for a writ of habeas corpus in state court challenging the validity of the disciplinary proceedings. *Id*. The petition was denied as moot, as the only relief authorized by the state habeas corpus statute was release from the challenged detention — release that had already been effected by the time that Munt filed his habeas petition. *Id*. at *2. Munt appealed the denial of his habeas petition to both the Minnesota Court of Appeals and Minnesota Supreme Court, but to no avail.

Munt now presents a petition for a writ of habeas corpus before this Court pursuant to § 2254, again challenging the validity of the disciplinary proceedings and the prison regulations underlying those proceedings.[1] The challenge is mistargeted.[2] Because the relief effected through a granting of a habeas corpus petition is the release from custody, one requirement of the federal habeas corpus statutes is that a petitioner challenging the validity of his detention must be "in custody" as a result of that detention at the time the petition is filed. *See* 28 U.S.C. § 2241(c)(1)-(4); 28 U.S.C. § 2254(a); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). If the petitioner is no longer "in custody," then the petitioner can no longer be set free from custody through granting the petition.

Munt will spend the rest of his life in prison due to his murder conviction, but he does not in this action challenge the validity of the custody resulting from that conviction. Instead, Munt challenges the custody in segregated confinement resulting from the prison disciplinary proceedings.[3] The segregated confinement, however, had ended by the time Munt filed his habeas corpus petition. Because Munt was not in that custody when he filed his habeas petition, 28 U.S.C. § 2254(a), he could not (and cannot) be released from that custody, and therefore a habeas corpus petition is not the appropriate mechanism for challenging that custody.

---

[1] Because Munt is not again challenging his conviction, his petition is not "second or successive" within the meaning of 28 U.S.C. § 2244(b). *See, e.g.*, *In re Cain*, 137 F.3d 234 (5th Cir. 1998).

[2] The petition is before the Court on review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

[3] This Court assumes, for purposes of this Report and Recommendation, that a prisoner may challenge the fact or duration of his confinement in administrative segregation pursuant to § 2254. That assumption is hardly free from doubt. *See Montgomery v. Anderson*, 234 F.3d 1273 (7th Cir. 2000) (unpublished table disposition).

Munt argues that his habeas corpus petition should nevertheless go forward because he continues to suffer collateral consequences as a result of the prison disciplinary proceedings. But the collateral consequences he identifies do not constitute "custody" for purposes of § 2254(a). For example, the fact that the disciplinary proceedings might be used against him in subsequent prison disciplinary hearings does not mean that custody remains ongoing. *Cf. Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam) ("The question presented by this case is whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not."). Nor would the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994), which precludes claims for money damages brought under 42 U.S.C. § 1983 that necessarily call into question the lawfulness of conviction or confinement, constitute a collateral consequence sufficient to regard Munt as remaining in custody, *cf. Spencer*, 523 U.S. at 17.[4] Nor does the fact that Munt may someday be implicated on similar disciplinary charges in the future, should he again engage in conduct prohibited by prison authorities, affect whether he was "in custody" at the time he filed the pending habeas corpus petition; indeed, such a broad reading of the "in custody" requirement would, in effect, write that requirement out of § 2554(a) entirely.

---

[4]The Minnesota Court of Appeals assured Munt that the *Heck* doctrine would not apply to any challenge he might raise to the validity of the prison disciplinary proceedings. *See Munt v. Smith*, 2016 WL 7042010, at *3 (citing *Muhammad v. Close*, 540 U.S. 749, 754 (2004)). This Court will not make so broad a statement; it suffices to say here that even if the Minnesota Court of Appeals was mistaken and *Heck* does apply to certain of Munt's claims, the *Heck* bar does not render Munt in continuing custody as a result of the disciplinary proceedings.

That Munt is no longer "in custody" as a result of the prison disciplinary proceedings precludes his attempt to seek habeas corpus relief from the disciplinary detention. This is not to say that Munt is entirely without recourse. The vast majority of his claims relate not to the fact of his segregated confinement or to the duration of that confinement, but instead to the conditions of his ongoing detention. For example, Munt believes that prison regulations infringe on his constitutional right to free expression; that prison disciplinary proceedings do not adequately protect his due process rights; that the prison regulations as a whole have been enacted unlawfully. These claims must be raised in a traditional civil-rights lawsuit, not in habeas proceedings.[5] *See Spencer v. Haynes*, 774 F.3d 467, 470-71 (8th Cir. 2014). Further, none of these claims, as raised in a civil lawsuit, would turn on whether Munt is in custody at the time that lawsuit was filed.

In any event, Munt may not seek habeas corpus relief, and it is therefore recommended that this habeas corpus action be dismissed. One further matter requires comment. A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a

---

[5]This Court declines for myriad reasons to reinterpret Munt's petition as itself being a civil complaint. Among those reasons: (1) By interpreting this action as a civil-rights action, the Court would make Munt responsible for a $350.00 filing fee that he may not have intended to pay when commencing this habeas corpus action, *see* 28 U.S.C. § 1915(b); (2) the respondent to this action is unlikely to be the lone proper defendant to a civil lawsuit, and the identify of the correct defendants is unknown from the pleading; (3) a prisoner must exhaust available administrative remedies before filing suit, *see* 42 U.S.C. § 1997e(a), and there is no indication that Munt has done so with respect to most (or any) of his claims. Any civil litigation would have to start from square one, with an entirely new pleading in an entirely different format directed at mostly or entirely different opposing parties.

constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Munt's current habeas corpus petition differently than it is being treated here. Munt has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Munt should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Joel Marvin Munt [ECF No. 1] be DISMISSED.

2. Munt's application for a writ of habeas corpus [ECF No. 3] be DENIED.

3. No certificate of appealability be issued.

Dated: January 29, 2018        *s/Franklin L. Noel*
                               Franklin L. Noel
                               United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14

days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).