UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOEL MARVIN MUNT,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>EDDIE MILES,<br><br>　　　　　　　　Defendant. | Civil No. 18-17 (JRT/FLN)<br><br>MEMORANDUM OPINION<br>AND ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

　　　Joel Marvin Munt, OID #236179, Minnesota Correctional Facility – Stillwater, 5329 Osgood Avenue North, Stillwater, MN  55082, *pro se* plaintiff.

　　　Petitioner Joel Marvin Munt is serving a life sentence after a Minnesota jury convicted him of murder, kidnapping, robbery, assault, and criminal vehicular operation. *See State v. Munt*, 831 N.W.2d 569, 574 (Minn. 2013).  Munt previously challenged his conviction in federal court through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was denied by the district court; the decision was affirmed on appeal.  *See Munt v. Grandlienard*, 829 F.3d 610, 612 (8th Cir. 2016).  Munt now seeks another writ of habeas corpus, this time challenging a thirty-day stint served in segregated confinement.  *See Munt v. Smith*, No. A16-0462, 2016 WL 7042010, at *2 (Minn. Ct. App. Dec. 5, 2016).  Because Munt was released from segregated confinement before the instant petition was filed, the Court will adopt the Report and Recommendation ("R&R") issued by the Magistrate Judge recommending that the Court deny the petition and dismiss the action.

## BACKGROUND

While serving his life sentence, Munt was assigned to thirty days in segregated confinement after a hearing officer found Munt guilty of violating a prison rule against disorderly conduct.[1]  *Id.* at *1.  Munt's disciplinary hearing took place on June 3, 2015, and he was put in segregated confinement the same day.  (Pet. at 1, Jan. 2, 2018, Docket No. 1.)  After his release from segregated confinement, Munt filed a petition for a writ of habeas corpus in state court challenging the validity of his assignment to segregated confinement.  *Munt*, 2016 WL 7042010, at *1.  The state court denied Munt's petition on mootness grounds, which was affirmed on appeal.  *Id.* at *3.

On January 2, 2018, over two years after Munt was released from segregated confinement, Munt filed this habeas petition under 28 U.S.C. § 2254 challenging the same 30-day period and the prison regulations governing the disciplinary proceedings.[2]  (Pet. at 1, 3)  Munt's petition seeks relief in various forms, none of which relate to a release from state custody.[3]  (Pet. at 13).  United States Magistrate Judge Franklin L. Noel issued an R&R recommending that the Court deny Munt's habeas petition and

---

[1] The facts underlying the disorderly conduct charge involve Munt "shout[ing] angrily" at a department of corrections worker during a conversation in the Oak Park Heights prison library. *Munt*, 2016 WL 7042010, at *1.

[2] Munt only challenges the segregated confinement resulting from the prison disciplinary proceedings, and is not raising a repeat challenge to the underlying state conviction. Therefore, Munt's petition is not "second or successive" within the meaning of 28 U.S.C. § 2244(b). *See, e.g.*, *In re Cain*, 137 F.3d 234 (5th Cir. 1998).

[3] The Court assumes, to Munt's benefit, that § 2254 may be used to challenge administrative segregation ordered pursuant to prison disciplinary proceedings. This assumption is not free of doubt, however. *See Montgomery v. Anderson*, 234 F.3d 1273, 2000 WL 1648140, (7th Cir. 2000) (unpublished table disposition).

dismiss the action. (R&R at 5, Jan. 29, 2018, Docket No. 4.) Munt objects. (Objs., Feb. 8, 2018, Docket No. 5; Supp., Feb. 14, 2018, Docket No. 6.) Because Munt was not "in custody" at the time of his habeas filing, the Court will deny the petition and dismiss the action.

## DISCUSSION

### I.   STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

### II.  IN-CUSTODY REQUIREMENT

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '**in custody** in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488 at 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). A long-standing jurisdictional requirement is that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490-91; *see also Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) ("This is required not only by the repeated references in the statute, but also by the history of the great writ."). If a petitioner was not "in" the relevant

"custody" at the time of filing, then his petition must be dismissed for lack of jurisdiction. *Charlton v. Morris,* 53 F.3d 929, 929 (8th Cir. 1995) (per curiam) (concluding that the "District Court was without jurisdiction to address the merits of [petitioner's] section 2254 petition because [he] . . . was no longer 'in custody' for his state conviction.").

It is true that, for habeas purposes, being "in custody" does not hinge on whether a person is "literally locked behind bars." *Defoe v. Swanson*, No. 09-2016, 2009 WL 4729935, at *3-4 (D. Minn. Sep. 24, 2009). "A person who has been released from prison, but remains subject to the restrictions of parole, is considered to be 'in custody' for habeas purposes." *Id.* (citing *Jones v. Cunningham*, 371 U.S. 236, 239 (1963)). The Supreme Court has "never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has **fully expired** at the time his petition is filed." *Maleng*, 490 U.S. at 491. If a sentence has fully expired, and the release is unconditional, the petitioner is no longer in custody for habeas purposes. *Id.* at 492.

In this case, Munt's disciplinary term had fully expired years before his § 2254 petition was filed. (*See* Pet. at 1.) Munt's thirty-day assignment ended on July 3, 2015, and his filing date was January 2, 2018. (*See id.*) Munt must have been serving a sentence by reason of the prison rule violation he challenges "**at the time the petition was filed**." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (emphasis added). Nothing in the record supports, nor does Munt attempt to argue, that he was still in custody at the time of filing. In addition, Munt's release from segregated confinement appears unconditional, having been assigned to thirty days and fully serving that assignment. (Pet. at 1.)

Irrespective of his physical release from segregated confinement, Munt contends that his disciplinary assignment will continue to have adverse collateral consequences. (Objs. at 2-3.)  Munt mistakenly argues that the collateral consequences doctrine constitutes an exception to the in-custody requirement.  (Objs. at 3).  Indeed, the habeas statute has a broad mandate and "does not limit the relief that may be granted to discharge of the applicant from physical custody."  *Carafas*, 391 U.S. at 239.  But such relief is only available when the court has jurisdiction.  *See Defoe v. Swanson*, 2009 WL 4729935, at *3-4.  "If the statutory 'in custody' requirement is satisfied, and jurisdiction therefore exists when a habeas case is filed, the court's **jurisdiction** is not extinguished by the petitioner's later release from custody."  *Id*. (citing *Carafas*, 391 U.S. at 234).  But without jurisdiction, the Court is not able to consider collateral consequences.  *See Spencer*, 523 U.S. at 7.

Without the in-custody requirement satisfied, Munt's action must be dismissed. Thus, the Court will overrule his objections, adopt the R&R, deny Munt's petition, and dismiss this action.

### III.     CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The petitioner must show that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).  For purposes of appeal under 28

U.S.C. § 2253, the Court finds that Munt has not shown that reasonable jurists would find the issues raised in Munt's habeas petition debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a Certificate of Appealability in this case.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, Munt's Objections to the Report and Recommendation [Docket Nos. 5-6] are **OVERRULED** and the Magistrate Judge's Report and Recommendation [Docket No. 4] is **ADOPTED**. Accordingly, **IT IS HEREBY ORDERED** that:

1. Munt's petition for a Writ of Habeas Corpus [Docket No. 1] is **DENIED**.

2. This action is **DISMISSED without prejudice**.

3. The Court does not grant a Certification of Appealability under 28 U.S.C. § 2253(c)(2).

4. Munt's Application to Proceed in District Court Without Prepaying Fees or Costs [Docket No. 3] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 17, 2018
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court